IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAYMIE REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-00046-CV-W-HFS |
| | ) | |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CONSERVATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant seeks summary judgment (doc. 24) in this somewhat bizarre case which plaintiff summarizes as one in which her supervisor "attempted to have the plaintiff relate to him intimate details of her sexual relationship with her husband [in July 2002], spread rumors concerning her and her husband [in February 2003] and finally pinned her against a desk in a manner that she was unable to extract herself and told her that she had "stomped on his heart" (in April, 2003). Suggestions in Opposition, page 6. The most emotionally involved situation was apparently the last, resulting from the plaintiff's leaving a group meeting after the supervisor had inquired, "how do you get to know your employees, suppose one of them is raped?". The exchange at which the supervisor complained of her walking out ended in his weeping.

I accept for summary judgment purposes that plaintiff was emotionally distraught because of the conduct of the supervisor and quit her job because, although he had been transferred, she did not feel adequately protected from further contact. I also accept the plaintiff's contention that the problem was sexual in nature, involving the supervisor's purported marital situation and his apparent

infatuation with plaintiff.  To a layman the claim may appear to involve a degree of sexual harassment and even a constructive discharge, at least viewing matters from the plaintiff's subjective standpoint.

It is well settled, however, by appellate authority, that the claim does not meet the standards for an objective demonstration of severe or pervasive sexually charged misconduct and that plaintiff's assumed sensitivity is far greater than would characterize a reasonable person's reaction to the employment of a former supervisor at a nearby location.

I note for example, plaintiff's testimony about the original incident, the one that is most distinctly sexually-charged.  She said "we never got . . . far on the sexual part because I stopped him."  Exh. A to defendant's motion, page 127.  After the supervisor referred to his wife's sexual problems before marriage to him, and their impact on his own marriage, he said that he knew plaintiff had been married for over 20 years and "he wanted to know what kept us happy."  She responded it was "none of his business" and did not report the incident to the employer.  Exh. A, page 128.  When asked the following April whether she had been sexually harassed, "my comment was no."  Exh. A, page 235.  On deposition she also said she "enjoyed my job until the day I left."  Exh. A, page 138.  Apparently the only remaining problem was that the former supervisor, who seems to have been infatuated with plaintiff, arguably exhibited some prurient interest, and allowed that to surface on occasion, was still employed by defendant at a location where he might meet her.

The appellate standards used currently in these cases are debatably too demanding, and arguably deprive plaintiffs of jury evaluation to which they are entitled.  The late Judge Arnold questioned the standards now in use.  Duncan v. General Motors Corp., 300 F.3d 928, 936 (8th Cir. 2002).  The facts recited by Judge Arnold demonstrate that, although no case can be entirely similar

2

to another, the present case is substantially less qualified for jury submission than <u>Duncan</u> was.  See also the facts and case-law discussed in <u>LeGrand v. Area Resources For Community And Human Services</u>, 394 F.3d 1098 (8th Cir. 2005) and <u>Alagna v. Smithville R-II School District</u>, 324 F.3d 975 (8th Cir. 2003) (a case particularly pertinent to the constructive discharge claim after the former supervisor was no longer working at plaintiff's work site).

It is plain that plaintiff is not entitled to submission of this case to a jury, and that on the facts relied on  by her judgment should be entered in favor of defendant.

Defendant's motion for summary judgment (doc. 24) is therefore GRANTED.  The Clerk shall enter judgment in favor of defendant.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

July 18, 2005

Kansas City, Missouri

3